IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LEONETTI WILLIAMSON**                                                                                          **PLAINTIFF**

**v.**                                                                               **CASE NO. 2:20-cv-00199-TBM-RHWR**

**KILOLO KIJAKAZI,**[1]
*Acting Commissioner of Social*
*Security Administration*                                                                                           **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [26] entered by United States Magistrate Judge Robert H. Walker on February 4, 2022. The Plaintiff, Leonetti Williamson, appeals the final Social Security Administration decision of the Administrative Law Judge ("ALJ") denying her claim for disability benefits. Magistrate Judge Walker recommends that the Court adopt the Report and Recommendation [26] and dismiss the action with prejudice.

The Plaintiff has not filed an objection to the Report and Recommendation, and the time for filing an objection has expired. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition (citations omitted). *See Casas v. Aduddell*, 404 F. App'x 879, 881 (5th Cir. 2010) (affirming district court's dismissal of Section 1983 claims and stating that "[w]hen a party fails timely to file written objections to the magistrate judge's proposed findings, conclusions, and recommendation, that party is barred from attacking on appeal the unobjected-to proposed findings and conclusions which the district court accepted,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is automatically substituted as Defendant in this action.

except for plain error") (citing *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)); *Douglass*, 79 F.3d at 1430 (affirming district court's grant of summary judgment).

The Plaintiff raised the following errors on appeal: (1) the ALJ ignored or misstated the vocational expert's testimony, (2) the ALJ failed to incorporate all of the Plaintiff's functional limitations into the residual functional capacity determination, (3) the ALJ failed to support his finding that the Plaintiff's limitation to simple, routine-type work has little or no effect on the occupational base, and (4) the ALJ denied the Plaintiff a full and fair hearing by injudiciously interrupting the Plaintiff. Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that Magistrate Judge Walker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

Magistrate Judge Walker first determined that the ALJ did not ignore or misstate the vocational expert's testimony. Magistrate Judge Walker explained that the ALJ was not required to adopt the vocational expert's testimony that was based on a hypothetical posed by the Plaintiff's attorney that the ALJ did not find supported by the whole record. *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985) (finding it reasonable for the ALJ to reject a vocational expert's opinion "[b]ecause she found objective medical evidence did not coincide with the hypothetical assumptions posed to the vocational expert"). Magistrate Judge Walker next found that substantial evidence supported the ALJ's determination of the Plaintiff's residual functional capacity. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)) ("Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a

preponderance."). Magistrate Judge Walker determined that the ALJ appropriately considered the Plaintiff's impairments and crafted a decision that thoroughly cited the medical record and opinions. Magistrate Judge Walker also found that the ALJ adequately supported his finding surrounding the effect of his limitation of the Plaintiff to simple, routine-type work through the testimony of the vocational expert. Finally, Magistrate Judge Walker determined that the Plaintiff failed to present any evidence or demonstrate from the record that the ALJ acted injudiciously. *See Rasche v. Astrue*, No. 1:07-cv-081 A-A, 2008 WL 4151346, at *6-7 (N.D. Miss. Sept. 4, 2008).

The Court finds that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law. The Report and Recommendation will be adopted as the opinion of the Court.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [26] entered by United States Magistrate Judge Robert H. Walker on February 4, 2022, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment [20] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that the decision of the Social Security Administration is AFFIRMED, and this CASE is DISMISSED with PREJUDICE.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

THIS, the 11th day of March, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE